IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 05-23045-CIV-MOORE

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a federally-recognized Indian tribe,

       Plaintiff,

vs.

UNITED STATES OF AMERICA, U.S. FISH &
WILDLIFE SERVICE, et al.,

       Defendants.
_____/

**ORDER (1) GRANTING IN PART FEDERAL DEFENDANTS' MOTION TO LIMIT REVIEW TO THE ADMINISTRATIVE RECORD;**

**(2) GRANTING FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**3) GRANTING FEDERAL DEFENDANTS' MOTION TO QUASH SUBPOENA FOR DEPOSITION DUCES TECUM OF DR. WILEY KITCHENS**

**4) DENYING FEDERAL DEFENDANTS' UNOPPOSED EMERGENCY MOTION FOR IMMEDIATE HEARING ON FEDERAL DEFENDANTS' MOTION TO QUASH SUBPOENA FOR DEPOSITION DUCES TECUM OF DR. WILEY KITCHENS**

**5) DENYING AS MOOT PLAINTIFF, MICCOSUKEE TRIBE'S EMERGENCY MOTION FOR PROTECTIVE ORDER;**

**THIS CAUSE** came before the Court upon Federal Defendants' Motion to Limit Review to the Administration Record (DE # 90), Federal Defendants' Motion for Protective Order (DE # 91), Federal Defendants' Motion to Quash Subpoena for Deposition Duces Tecum of Dr. Wiley Kitchens (DE # 95), Federal Defendants' Unopposed Emergency Motion for Immediate Hearing on Federal Defendants' Motion to Quash Subpoena for Deposition Duces Tecum of Dr. Wiley Kitchens (DE # 96), and Plaintiff, Miccosukee Tribe's Emergency Motion for Protective Order (DE # 97).

**UPON CONSIDERATION** of the Motions, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

On March 3, 2006, Plaintiff Miccosukee Tribe of Indians ("Plaintiff") filed an Amended Complaint (the "Complaint") seeking various forms of relief for an alleged faulty biological opinion dated March 28, 2002. The Complaint alleges that in late 1997, the Fish and Wildlife Service ("FWS" or "Defendant"), began demanding the closure of certain gates along Tamiami Trial to stop the flow of water out of WCA 3A[1], allegedly to benefit the endangered Cape Sable Seaside Sparrow. Compl. ¶ 24. The Plaintiff alleges that the closing of these gates have resulted in harm to the Plaintiff, to the Snail Kite and to its critical habitat. Id. This activity allegedly continued after the FWS issued an Biological Opinion in 1999 ("1999 BiOp"), and an Amended Biological Opinion in 2002 ("Amended BiOp"). The Plaintiff contends that the Amended BiOp concluded, without proper evidence or analysis, that portions of the designated Snail Kite critical habitat would not be affected by the Reasonable and Prudent Alternative ("RPA") adopted by the Amended BiOp. During the course of this action, a Second Amended Biological Opinion (DE # 70-1) was filed. In response, Plaintiff filed a Second Amended Complaint (DE # 76). Plaintiff now seeks (1) injunctive and declaratory relief for a "faulty" Amended biological opinion in violation of the ESA and its implementing regulations, pursuant to the APA (Count I); (2) injunctive and declaratory relief for violations of Section 7 of the ESA and its implementing regulations (Count II); (3) injunctive and declaratory relief for violations of Section 9 of the ESA and its implementing regulations (Count III); for improper agency action under the APA (Count IV). See Second Amended Complaint.

## II. DISCUSSION

It is well-established that the Court must review the Plaintiff's APA claims based on the administrative record. Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers, 87 F.3d 1242, 1246 (11th Cir. 1996) (hereinafter, PEACH) (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985)). The rationale for confining the

---

[1] Water Conservation Area 3-A ("WCA-3A") is an Everglades marsh comprising in excess of 100,000 acres in Miami-Dade and Broward counties.

Court's review to the contents of the administrative record is that the court's role is to determine wether an agency exercised its discretion properly on the basis of the information the agency had before it at the time of its decision-making. PEACH, 87 F.3d at 1246; Burnside-Ott Aviation Training Ctr., Inc. v. United States, 617 F. Supp. 279, 282-83 (S.D. Fla. 1985). The same standard is applied to ESA claims. Envtl. Coal. of Broward County v. Myers, 831 F.2d 984, 987 (11th Cir. 1987), Florida Key Deer v. Brown, 364 F. Supp. 2d 1345, 1349 (S.D. Fla. 2005).

Discovery is not available in an APA case unless Plaintiff can demonstrate that discovery is warranted under some exception to this general principle. Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers, 916 F.Supp. 1557, 1562 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996). Courts have permitted discovery under the following sets of circumstances: 1) where the administrative record does not adequately explain the agency's action or grounds of decision so as to frustrate effective judicial review; 2) where it appears the agency relied on documents, materials or other information not included in the administrative record, 3) where technical terms or complex subject matter requires explanation; or 4) where there is a strong showing of agency bad faith or improper behavior. Animal Defense Counsel v. Hodel, 840 F2d 1432, 1436-37, opinion corrected, 867 F2.d 1244 (9th Cir. 1989); see also, PEACH, 87 F.3d at 1241 n.1 (citing Animal Defense Counsel).

The Plaintiff, who is seeking discovery and to add evidence to the record, has the burden of demonstrating that discovery is warranted under one of the exceptions. PEACH, 87 F3d at 1246-47. Plaintiff has failed to demonstrate that any of those exceptions apply, noting that some courts have reviewed "extra-record materials when there are serious omissions in the record," and suggesting that it is possible that the record may not include sufficient explanation of the science used and that "it may be necessary for the Tribe, or the other parties for that matter, to submit extra-record evidence devoted to explaining how relevant terms and concepts in those fields are understood and utilized in the scientific community." Pl. Resp. at 4-5. This Court finds that the Plaintiff fails to meet its burden in showing with any specificity how the record is insufficient.

### III. CONCLUSION

For the reasons described above, it is

**ORDERED AND ADJUDGED** that Federal Defendants' Motion to Limit Review to the Administrative Record (DE # 90) is GRANTED IN PART. This Court's review will be limited to the administrative record filed by Defendants in this case. As far as the Motion asks this Court to vacate trial and pre-trial deadlines previously imposed by this Court's Orders, the Motion is DENIED. The deadlines previously imposed by this Court will remain in effect. It is further

**ORDERED AND ADJUDGED** that Federal Defendants' Motion for Protective Order (DE # 91) is GRANTED. Federal Defendants seek an order prohibiting Plaintiff from taking certain particular depositions and from seeking any discovery whatsoever absent a Court order. Def. Mot. at 3. This Court has ruled that this Court's review will be limited to the administrative record. *See supra*. This Court finds that the Plaintiff has failed to meet its burden in demonstrating that depositions are necessary. Plaintiff claims it has found documents which may have been, or should have been, considered by Defendants, but are not included in the record. Def. Resp. at 3. Beyond pure speculation, and a single, out of context, e-mail, Plaintiff does not show that the record, as it stands, does not adequately explain the agency's action or grounds of decision or fails to include documents, materials or other information upon which Defendants relied. Accordingly, the parties are hereby prohibited from seeking discovery absent a further Order of this Court. It is additionally

**ORDERED AND ADJUDGED** that Federal Defendants' Motion to Quash Subpoena for Deposition Duces Tecum of Dr. Wiley Kitchens (DE # 95) is GRANTED. Pursuant to the above rulings of this Court, the Plaintiff Miccosukee Tribe's Subpoena for Deposition Duces Tecum of Dr. Wiley Kitchens is hereby QUASHED. Accordingly, it is

**ORDERED AND ADJUDGED** that Federal Defendants' Unopposed Emergency Motion

4

for Immediate Hearing on Federal Defendants' Motion to Quash Subpoena for Deposition Duces Tecum of Dr. Wiley Kitchens (DE # 96) is DENIED.   It is finally

**ORDERED AND ADJUDGED** that Plaintiff, Miccosukee Tribe's Emergency Motion for Protective Order (DE # 97) is DENIED AS MOOT, as both parties are prohibited from seeking discovery absent a further Order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of May, 2007.

K. MICHAEL MOORE

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record