UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-23045-CIV-Moore/Garber

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a federally recognized
Indian Tribe,

       Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

       Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on the plaintiff's Motion to Compel Production of Documents (DE 98). The Court had previously considered said motion and on June 7th, 2007 the Court ordered a production of the controverted documents for an *in camera* inspection by the Court. The defendant U.S. Fish and Wildlife Service (Service) had previously asserted that the subject documents were protected by the deliberative process privilege, work product privilege and/or attorney-client privilege and thus were not subject to production. Said documents were received by the undersigned's chambers on June 13, 2007, and the Court has conducted an *in camera* inspection. The Service advised that they had originally asserted a privilege as to 337 documents in their entirety and 17 documents in part. Following discussions between the parties the Service either released or advised that it would cease an assertion of such privileges for 44 documents entirely and 16 in part. Subsequently, and upon the Service's receipt of plaintiff's Motion to Compel Production of 257 documents, the Service determined that additional documents should be released and/or no longer qualified for a claim of privilege. Such documents have been released to the plaintiffs, leaving those

documents that are presently under review by this Court.  The Court also notes that the Service has, in numerous instances, redacted portions of a document to which it had asserted a privilege and provided the redacted version of said document.

The defendant Service has provided the Court with 196 documents to which it has asserted claims of deliberative process privilege, work product privilege, and attorney-client privilege.  The "deliberative process privilege" derives from the convergence of two basic principles: first, "review is to be based on the full administrative record that was before the [agency] at the time [it] made [its] decision . . .," *Citizens to Preserve Overton Park, Inc. V. Volpe*, 401 U.S. 402, 420 (1971); and second, "inquiry into the mental processes of administrative decisionmakers is usually to be avoided."  *Id.* At 420.  The other asserted privileges, attorney-client and work product, need no explanation.

The Court has carefully reviewed and considered each of the 196 documents provided by the Service.  The Service claims that it has asserted the deliberative process privilege as to intra-agency and/or intra-agency government document which are pre-decisional and generated prior to the issuance of a biological opinion.  Such documents, it is claimed, contain advice, opinions, recommendations, personal observations, evaluations and/or comments essential to the process used by the Wildlife Service in performing an analysis of impacts on listed species necessary to prepare the Biological Opinion.

Following the Court's review of the documents provided by the Service, as to the defendants' assertion of the deliberative process privilege, the Court finds that such claim of privilege is legitimate and is appropriate and disclosure of such documents might well be harmful to the decision-making process exercised by the Fish and Wildlife Service.

As to the Service's assertion of an attorney-client privilege, the Court finds that such

2

documents were created by the Department of Justice, Department of the Interior, Solicitor's Office, in response to the Service's request for legal advice and are documents and other communications between the Service and its counsel seeking legal advice.  Thus, the attorney-client privilege is properly asserted and clearly applicable.

The Court finds that all claims of deliberative process privilege and attorney-client privilege, as to all of the documents provided by the Service pursuant to this Court's Order of June 7th, 2007, are appropriately asserted by the Service and that all of said documents should not be provided to plaintiffs.

Accordingly, and for the foregoing reasons, it is hereby

ORDERED that plaintiff's Motion to Compel Production of Documents (DE 108) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 27th day of June, 2007.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
District Judge Moore
Counsel of record

3